IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 11-cv-00210-WDM-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$14,132.00 UNITED STATES CURRENCY,

    Defendant.

## ORDER ON MOTION TO STRIKE CLAIM

Miller, J.

    This case is before me on Plaintiff's Motion to Strike Claim, filed May 23, 2011 (ECF No. 18).  No response has been filed by any person.  After review of the motion and the record in this case, I conclude the motion should be granted.

### BACKGROUND

    The government filed its verified complaint for forfeiture on January 27, 2011 (ECF No. 1).  A warrant for arrest of the property issued on February 9, 2011 (ECF No. 5). Notice of the arrest was served on four persons, including Terri Campbell, on February 23, 2011. (ECF No. 9).  On March 8, Ms. Campbell filed a claim with the court, but she did not file an answer as required by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules) and as directed in the Notice served on her.

    The motion to strike indicates that an attorney for the government contacted Ms. Campbell via telephone on April 22, 2011.  The government also sent her additional information as to how to file her answer and agreed not to object to the late filing of an

answer; the government instructed Ms. Campbell to file her answer by May 20, 2011. On May 19, 2011, Ms. Campbell contacted the government to indicate she no longer wanted to pursue her claim in this action.

To date, Ms. Campbell has not filed an answer and has not responded to the motion to strike her claim.

## DISCUSSION

Supplemental Rule G(5) directs that a person wishing to contest a forfeiture must file a claim within 35 days after notice of the action is sent and must file an answer within 21 days after filing a claim. Supplemental Rule G(4)(b)(ii)(B); Supplemental Rule G(5)(b). The government may file a motion to strike any claim that fails to comply with Rule G(5). Supplemental Rule G(8)(c)(i)(A).

In its motion to strike, the government asserts that Ms. Campbell lacks standing in this case on two grounds: (1) she failed to comply with the pleading requirements of Rule G, and (2) she is an unsecured creditor, and not claiming an ownership interest, with regard to the defendant currency. I agree with both assertions.

"To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth " in the Supplemental Rules. *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3rd Cir. 2007) (citing former Rule C). The docket sheet in this case reflects that Ms. Campbell failed to file a timely answer to support her claim, as required by Rule G(5). Accordingly, she has not met the standing requirements to proceed.

With regard to Ms. Campbell's interest in the defendant currency, the motion to strike reflects that Ms. Campbell asserts an interest based on a debt owed to her (or based

on funds stole from her) by her grandson, Cole Campbell. Ms. Campbell did not report any theft from her until the day after the defendant currency was seized from her grandson, and she has stated to the government that Cole Campbell owes her money.

"[T]he federal courts have consistently held that unsecured creditors do not have standing to challenge the civil forfeiture of their debtors' property." *United States v. One-Sixth Share of James J. Bulger in all Present and Future Proceeds of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 36, 44 (1st Cir. 2003) (quotation omitted). Ms. Campbell has not tendered any evidence of a secured interest in any debt owed her with respect to the defendant currency. As a result, she lacks standing to challenge the forfeiture.

I conclude that Ms. Campbell's claim, filed March 8, 2011 (ECF No. 10), should be stricken for failure to file an answer in compliance with Supplemental Rule G(5)(b) and for failure to establish standing.

Accordingly, it is ORDERED:

The motion to strike claim, filed May 23, 2011 (ECF No. 18), is granted.

DATED at Denver, Colorado, on July 28, 2011.

BY THE COURT:

s/ Walker D. Miller
United States District Judge